IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE BOBRICK CORP., BOBRICKWASHROOM EQUIPMENT, INC., and THE HORNYAK GROUP, INC., <br><br> Movant, <br><br> vs. <br><br> DWYER, SCHRAFF, MEYER, GRANT, & GREEN, <br><br> Non-Party Witness. | CIV. NO. 08-CV-00367-SOM-BMK <br><br> ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS |

ORDER GRANTING MOTION TO COMPEL PRODUCTION OF
DOCUMENTS

The present motion stems from a complex course of litigation spanning more than a decade.  In 1996, Santana Products, Inc. (SPI) brought suit against The Bobrick Corp., Bobrick Washroom Equipment, Inc., The Hornyak Group, Inc. (Bobrick) and other defendants in United States District Court for the Middle District of Pennsylvania.  (Hereinafter referred to as the "Underlying Litigation").  The District Court found for Bobrick and against PSI, and the last of SPI's claims were dismissed on  appeal before the Third Circuit Court of Appeals

in 2005.  <u>Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.</u>, 401 F.3d 123 (3rd Cir. 2005), <u>cert denied</u>, 546 U.S. 1031 (2005).

After the conclusion of the Underlying Litigation, Bobrick initiated suit against SPI  for conduct related to the Underlying Litigation.  <u>The Bobrick Corp., et al., v. Santana Products, Inc., et al.</u>, Case No. #:07-CV-1521.  (Hereinafter referred to as the "Current Litigation").  SPI, in their defense, contends that they (1) conducted adequate investigation before bringing suit, and (2) that they relied on the advice of counsel in shaping the Underlying Litigation.  Bobrick is seeking discovery from DSMG&G on the issues of (1) SPI's pre-complaint investigation and (2) SPI's subjective motivation for the Underlying Litigation.

From 1997 to 2001 the Hawaii based law firm of Dwyer, Schraff, Meyer, Grant, & Green (DSMG&G) performed legal services for SPI, at least some of which were related to the Underlying Litigation.  Bobrick is seeking discovery from DSMG&G concerning its work for SPI.

Bobrick served DSMG&G with a subpoena on July 3, 2008. DSMG&G has conveyed to Bobrick and to this Court its determination not to comply with the subpoena absent a court order.  DSMG&G stated its belief that the information subject to the discovery request is covered by attorney-client privilege, and that it is uncertain that effective waiver of this privilege had occurred.  DSMG&G further

requested that if discovery is compelled, DSMG&G be indemnified by movant against any future claim that attorney-client privilege was violated. Finally, DSMG&G requested that attorney's fees and costs be paid for the time needed to comply with the request.

## RELEVANCE

The Court has authority to compel production of documents by non-parties. Fed. R. Civ. P. 45. Discovery from non-parties is subject to the same relevancy standard that governs discovery from parties. Material is discoverable if it is "non-privileged" and "relevant to any party's claim or defense . . .." Fed. R. Civ. P. 26(b)(1). Here, the material sought by Bobrick is directly relevant to the abuse of process claims and to SPI's advice of counsel defense in the Current Litigation since DSMG&G performed some legal services for SPI in connection with the Underlying Litigation.

## PRIVILEGE

It is clear that the privilege has been waved as a matter of law. The attorney-client privilege is waived "for any relevant communication" if the client assert as a defense that "that the client acted upon the advice of a lawyer." Restatement (Third) of the Law Governing Lawyers § 80. Here, SPI has clearly implicated the sought discovery by raising a defense of advise of counsel, and

thereby waived attorney client privilege.  In addition, Bobrick has provided repeated assurances that the privilege has been waived by the true holder of the privilege.  (Mov. Reply 4-9).

## INDEMNIFICATION, FEES, AND COSTS

Bobrick shall not be required to indemnify DSMG&G or pay any attorney's fees incurred by DSMG&G in response to the subpoena. Indemnification is unnecessary because the privilege is not implicated and the discovery provided shall be pursuant to a Court's Corder.   In addition, the Court is not persuaded that DSMG&G will incur any significant or unusual costs in complying with the Bobrick's request.

## CONCLUSION

For the forgoing reasons, the Motion to Compel is GRANTED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 10, 2008

The Bobrick Corp., et al., v. Dwyer, Schraff, Meyer, Grant, & Green; CIV. NO. 08-CV-00367-SOM-BMK; ORDER GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS.